UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RANDY P. STOUT, a married person in his separate estate,<br><br>             Plaintiff,<br><br>          v.<br><br>HEALTH MANAGEMENT ASSOCIATES, INC., a Florida corporation; YAKIMA HMA, INC., a Washington corporation, individually and doing business as YAKIMA REGIONAL MEDICAL AND CARDIAC CENTER; ANGELA BEAUDRY and JOHN DOE BEAUDRY, husband and wife; BRIAN WEISH, a single person; CORRINE MURPHY-HINES, and JOHN DOE HINES, husband and wife<br><br>             Defendants. | NO. CV-10-3080-EFS<br><br>**ORDER GRANTING AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

A hearing occurred on March 25, 2011, in Richland, Washington on Defendants' Motion to Dismiss Certain Claims for Failure to State a Claim Under Rule 12(b)(6).[1]  (ECF No. 19.)  Defendants[2] seek dismissal of three

_____

[1]  Plaintiff Randy P. Stout was represented by Kenyon Luce and Chris Constantine.  Paula Lehmann appeared on behalf of Defendants' Health Management Associates, Inc. (HMA), Yakima HMA, Inc., Yakima Regional Medical and Cardiac Center ("Yakima Regional"), and Corrine Murphy-Hines.

[2]  When the motion was filed, only Defendants Yakima Regional and Murphy-Hines had been served.  The other two individual Defendants have

ORDER * 1

of the Amended Complaint's ("Complaint") four claims: 1) interference with the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1140; 2) outrage; and 3) defamation.  And the individual Defendants ask the Court to dismiss the Washington Law Against Discrimination (WLAD), RCW 49.60.040, claim as it relates to them.  Plaintiff Randy Stout largely opposes the motion.  After reviewing the submitted material and relevant authority and hearing from counsel, the Court is fully informed. For the reasons given below, the Court grants and denies in part the motion: the ERISA section 510 claim is dismissed, the WLAD claim against Defendant Weish is dismissed, and all other claims survive dismissal.

**A.    Background**[3]

Fifty-two-year-old Plaintiff worked for Yakima HMA, which does business as Yakima Regional, as a respiratory therapist for twenty-eight years.  (ECF No. 3 ¶¶ 3.1 & 3.2.)  Plaintiff received favorable performance reviews, salary increases and bonuses, and increased management responsibilities.  *Id.* ¶ 3.3.  He participated in the retirement and health insurance benefits plans offered by Yakima Regional, which is a subsidiary of HMA, and his interest in the retirement plan was fully vested.  *Id.* ¶¶ 3.8 & 3.9.

---

now been served.  The Court understands the now-served individual Defendants join in this motion without prejudice to their ability to file motions to dismiss based on other grounds.

[3]   The "background" section is based on the Complaint's (ECF No. 3) factual allegations.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

ORDER * 2

In November 2008, Yakima Regional manager Defendant Angela Beaudry informed Plaintiff that a coworker complained that Plaintiff acted inappropriately, an investigation would occur, and he was suspended from work until the investigation was complete. *Id.* ¶¶ 1.7 & 3.4. On November 18, 2008, Defendants Beaudry and Murphy-Hines, who is also a Yakima Regional manager, informed Plaintiff that the investigation showed that he had an inappropriate relationship with a coworker because he had gone to a bar with that coworker; this relationship was termed inappropriate notwithstanding the fact that Yakima Regional did not have a policy prohibiting employee relationships outside of work. *Id.* ¶¶ 1.7, 3.5, & 3.6. Plaintiff responded that his contact with the coworker was merely a social encounter. *Id.* ¶ 3.5. Later, Defendant Beaudry informed Plaintiff that his employment was terminated. *Id.* ¶ 3.6.

Defendants filled Plaintiff's position with a younger employee. *Id.* ¶¶ 3.1 & 3.8. Defendants also disclosed to other Yakima Regional employees and third parties that Plaintiff had an inappropriate relationship with a coworker. *Id.* ¶ 7.5. As a result of Defendants' actions, Plaintiff suffered emotional distress, lost income, impairments to his credit rating, and incurred medical expenses.

Plaintiff filed this lawsuit on September 17, 2010. (ECF No. 1.) Plaintiff seeks restitution and/or damages for his suffered damages under 1) ERISA section 510, 2) WLAD, and 3) the common law torts of outrage and defamation. (ECF No. 3.) On December 3, 2010, Defendants filed the instant dismissal motion. (ECF No. 19.)

///

//

ORDER * 3

**B.   Dismissal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007).  Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *Twombly*, 550 U.S. at 555.  In ruling on a motion under Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff and accept all material factual allegations in the complaint, as well as any reasonable inferences drawn therefrom. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

**C.   Authority and Analysis**

   1.   <u>ERISA Claim</u>

Defendants ask the Court to dismiss the ERISA claim because 1) it can only be brought against the employer and not individuals or a parent company, and 2) the Complaint fails to plead that Yakima Regional had a specific intent to interfere with Plaintiff's employment benefits.  The Court agrees with both of these arguments.

An ERISA action may only be pursued against the employer.  Here, Plaintiff's employer was Yakima Regional: the entity where he worked. *See* ECF No. 3, ¶ 3.8 ("The retirement plan in which plaintiff participated as an employee of defendant [Yakima Regional] . . . .").  Accordingly, the individual Defendants were not Plaintiff's employer and,

therefore, Defendants' motion is **granted in part**: the ERISA claim against the individual Defendants is dismissed. *Cf. Gordon v. Am.'s Collectibles Network, Inc.*, 2010 WL 925785 (E.D. Tenn. Mar. 8, 2010) (dismissing ERISA section 510 claim against individual defendants).

Also, ERISA only allows a claim to be brought against the employer's parent company when there are facts supporting corporate-veil piercing. *See Stark v. Audio Mktg. Solutions, Inc.*, 2010 WL 3789572, *3 (D. Neb. Sept. 21, 2010) (recognizing that, absent corporate veil-piercing, corporate officers are not liable for ERISA obligations); *Richardson v. CSS Indus., Inc.*, 2009 WL 2230761, *3-4 (E.D. Pa. Jul. 27, 2009) (discussing that parent corporation's corporate veil can be pierced if plaintiff pleads and later proves facts showing that veil piercing is appropriate). Because the Complaint's allegations are insufficient to pierce HMA's corporate veil, Defendants' motion is **granted in part** and the ERISA claim against HMA is dismissed. *See Chadwick Farms Owners Ass'n v. FHC LLC*, 166 Wn.2d 178, 200 (2009) (setting forth the two corporate veil-piercing elements).

Finally, Defendants argue that the remaining ERISA claim against Yakima Regional fails because Plaintiff did not allege sufficient facts to support an ERISA section 510 claim. ERISA section 510 provides:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act.

29 U.S.C. § 1140. To establish a prima facie claim under ERISA section 510, a plaintiff must show the existence of 1) prohibited employer

ORDER * 5

conduct 2) taken for the purpose of interfering with 3) the attainment of any right to which the employee may become entitled.[4] *Crawford v. TRW Auto. U.S. LLC*, 560 F.3d 607, 613 (6th Cir. 2009); *Gavalik v. Cont'l Can Co.*, 812 F.2d 834, 851 (3d Cir. 1987).  The "taken for the purpose of interfering" causation prong requires the plaintiff to show that the exercise or receipt of his benefit-plan rights was the "motivating force behind the discharge." *Bogue v. Ampex Corp.*, 976 F.2d 1319, 1327 (9th Cir. 1991) (quoting *Kimbro v. Atl. Richfield Co.*, 889 F.2d 869, 881 (9th Cir. 1989)).

Plaintiff submits that he need not "plead the Defendants' specific intent to violate the Plaintiff's rights under ERISA," citing to *Heimann v. National Elevator Industry Pension Fund*, 187 F.3d 493, 509 (5th Cir. 199), *overruled in part on other grounds by Arana v. Ochsner*, 338 F.3d 433 (5th Cir. 2003).  The Court agrees the Fifth Circuit's statement, "[t]he use of the term 'specific intent' or other ERISA terminology is not sacramental or necessary to the pleading of a cause of action under § 502(a)," is still good law following *Iqbal* and Twombly.  *Iqbal* and *Twombly* do not require the use of exact words to satisfy each element of a claim but rather requires the asserting party to allege facts to support each element of the asserted claim.  Here, the inquiry is whether the Complaint's factual allegations, when all reasonable inferences are drawn therefrom, sufficiently allege an ERISA section 510 claim, which

---

[4]  A plaintiff may either present direct evidence or circumstantial evidence; if circumstantial evidence is used, the court employs a burden-shifting analysis.  *Ritter v. Hughes Aircraft Corp.*, 58 F.3d 454, 457 (9th Cir. 1995).

ORDER * 6

is focused on employment decisions that are motivated by an intent to interfere with the employee's right to employment benefits. *See Adams v. Koppers Co., Inc.*, 684 F. Supp. 399, 401 (W.D. Pa. 1988) (recognizing that section 510 is directed at employment decisions).

The Court finds the Complaint does not satisfy this inquiry. Although the Complaint alleges that Plaintiff was 52-years-old at the time of termination and that he was replaced by a younger worker, these facts by themselves are insufficient to justifiably infer that Defendants terminated Plaintiff's employment to specifically interfere with his right to enjoy his employment benefits. There are no alleged facts showing that Plaintiff had excessive medical costs or that Defendants knew that Plaintiff planned on retiring soon. Accordingly, the Complaint's factual allegations, even when justifiable inferences are taken therefrom, are insufficient to support an ERISA section 510 claim. *Cf. Hollowell v. Cincinnati Ventilation Co.*, 711 F. Supp. 2d 751, 760 (E.D. Ky. 2010) (dismissing ERISA section 510 claim because the plaintiff failed to allege facts to support specific intent element); *Gordon*, 2010 WL 925785 at *6 (same); *Hughes*, 2010 WL 890982 at *6 (same). Therefore, the Court **grants in part** Defendants' motion: the ERISA section 510 claim is dismissed.[5]

2.   <u>Outrage Claim</u>

Defendants contend Plaintiff's outrage claim is 1) preempted by the Washington Industrial Insurance Act (WIIA), RCW 51.24.020, 2) duplicates his WLAD claim, and 3) not supported by sufficiently alleged facts.

---

[5]   The Court grants Plaintiff leave to amend his Complaint to add facts to support an ERISA section 510 claim.

ORDER * 7

Plaintiff contends that his post-employment emotional distress claim is not preempted by the WIIA, does not duplicate the WLAD claim if proper jury instructions are used, and does state a claim for relief.

Plaintiff concedes that the emotional-distress component of his outrage claim is limited to his post-employment emotional distress. Accordingly, Defendants' motion is **granted in part**: Plaintiff may not recover any emotional distress damages suffered during his employment because such are generally preempted by the WIIA. *See Cagle v. Burns & Roe, Inc.*, 106 Wn.2d 911, 921 (1986) (recognizing that the WIIA bars tort claim damages occurring while acting in the course of employment); *but see Birklid v. Boeing Co.*, 127 Wn.2d 853, 869 (1995) (recognizing that under certain circumstances dignitary torts and statutory offenses in the nature of dignitary torts are not barred by the WIIA).

In support of their duplication argument, Defendants cite to two Washington Court of Appeals decisions dismissing a claim that seeks the same damages as the plaintiff's discrimination claim. *Francom v. Costco Wholesale Corp.*, 98 Wn. App. 845, 864-65 (2000); *Anaya v. Graham*, 89 Wn. App. 588, 596 (1998). However, as U.S. District Court Judge Richard Jones recognized in *Johnson v. Grady Way Station, LLC*, 2009 WL 960097, *2 (W.D. Wa. 2009), dismissal of an outrage claim is a harsh and unnecessary remedy because duplicative-damage issues can be eliminated through the use of appropriate jury instructions. The Court finds Judge Jones' reasoning persuasive. Further, Plaintiff's outrage claim is not premised upon an allegation that Defendants discriminated against Plaintiff, but rather that they falsely accused Plaintiff of having an inappropriate relationship with an employee. Accordingly, Plaintiff's age-discrimination and outrage claims are based on different facts. *Cf.*

*Jacobson v. Wash. State Univ.*, 2007 WL 26765, *11 (E.D. Wash. Jan. 3, 2007) (finding that outrage claim was based on different facts than civil rights claim).  The Court **denies in part** Defendants' motion**.**

Defendants next argue that dismissal of the outrage claim is required under Rule 12(b)(6).  A plaintiff pursuing an outrage claim, otherwise referred to as the intentional infliction of emotional distress, must satisfy three elements: "(1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to the plaintiff of severe emotional distress." *Rice v. Janovich*, 109 Wn.2d 48, 61 (1987); *see Birklid*, 127 Wn.2d at 867 (listing factors for court to consider).  To establish the first prong, the plaintiff must show that the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Grimsby v. Samson*, 85 Wn.2d 52 (1975) (citing Restatement (Second) Torts § 46).

The Court finds the Complaint alleges sufficient facts to survive a Rule 12(b)(6) motion.  Assuming the veracity of Plaintiff's facts, Defendants accused Plaintiff of having an inappropriate relationship with a coworker.  According to Plaintiff, this was not true.  Nonetheless, based solely on this unfounded accusation of a relationship with a coworker, which was not against a work policy, Defendants terminated Plaintiff's employment. As a result of losing his employment, Plaintiff suffered severe financial damages.  Plaintiff also suffered extreme emotional distress given the nature of the accusation and the fact that he was married.  Given these allegations, the Court **denies in part** Defendants' motion to dismiss the outrage claim.

ORDER * 9

3.   Defamation

Defendants seek dismissal of Plaintiff's defamation claim because there is no allegation of abuse or actual malice by the individual Defendants and therefore the defamation claim is deficient as to them and Yakima Regional.  Further, Defendants contend that there is a conditional privilege surrounding the investigation of an employee's complaint. Plaintiff maintains that the defamation claim survives because he sufficiently alleged that Defendants acted negligently and without reasonable care, or acted intentionally or with reckless disregard, as to the truth or falsity of such accusation.

Defendants are correct that a conditional privilege applies to complaints and statements made during an investigation of an employee's alleged sexual harassment. *Lawson v. Boeing Co.*, 58 Wn. App. 261, 266-67 (1990).  However, this privilege can be lost through abuse. *Id.* at 267. Accordingly, a defamation claim survives a motion to dismiss if there are facts showing that the investigating employees knew of, or recklessly disregarded, the falsity of a statement during the investigation.

Here, Plaintiff alleges that the coworker's assertion that he was having an inappropriate relationship with him/her was false.  Further, Plaintiff alleges not only that the Defendants knew or recklessly disregarded the falsity of this assertion, but that they then communicated this false assertion to other Yakima Regional employees and others.  It is also reasonably inferred, given the length of Plaintiff's employment at Yakima Regional, that Defendants knew Plaintiff was married.  Accordingly, the Court **denies** Defendants' motion to dismiss the defamation claim, finding the Complaint's allegations sufficient to survive a Rule 12(b)(6) motion.

ORDER * 10

4.   Age Discrimination

The individual Defendants ask the Court to dismiss the WLAD age-discrimination claim because there are insufficient facts to support an allegation that they discriminated against Plaintiff on the basis of his age.  The Court finds the Complaint alleges sufficient facts to retain a WLAD claim against Defendants Beaudry and Murphy-Hines.  The Complaint alleges that Defendant Beaudry advised Plaintiff of the coworker's complaint, investigated the complaint, and then, along with Defendant Murphy-Hines informed Plaintiff that his employment was terminated. Accordingly, the Court **denies** the motion as to these two Defendants. However, the Court **grants** the motion as to Defendant Brian Weish because there are no facts indicating his involvement in age discrimination.

**C.  Conclusion**

Accordingly, for the reasons given above, **IT IS HEREBY ORDERED**:

1.   Defendants' Motion to Dismiss Certain Claims for Failure to State a Claim Under Rule 12(b)(6) **(ECF No. 19)** is **GRANTED** (ERISA section 510 claim, and the WLAD claim against Mr. Weish are dismissed) **AND DENIED** (remainder) **IN PART.**

///

///

///

///

///

//

//

/

ORDER * 11

2.   The Court grants Plaintiff leave to amend his Complaint no later than April 29, 2011, to add factual allegations to support an ERISA section 510 claim against Yakima Regional and a WLAD claim against Defendant Weiss.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide a copy to counsel.

**DATED** this ___31st___ day of March 2010.


                              S/ Edward F. Shea
                              EDWARD F. SHEA
                        United States District Judge


Q:\Civil\2010\3080.dismiss.wpd

ORDER * 12