UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RANDY P. STOUT, a married person in his separate estate,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH MANAGEMENT ASSOCIATES, INC., a Florida corporation; YAKIMA HMA, INC., a Washington corporation, individually and doing business as YAKIMA REGIONAL MEDICAL AND CARDIAC CENTER; ANGELA BEAUDRY and JOHN DOE BEAUDRY, husband and wife; BRIAN WEISH, a single person; CORRINE MURPHY-HINES, and JOHN DOE HINES, husband and wife<br><br>Defendants. | NO. CV-10-3080-EFS<br><br>**ORDER DENYING DEFENDANT BEAUDRY'S MOTION TO DISMISS** |

Before the Court, without oral argument, is Defendant Angela Beaudry's Motion to Dismiss (ECF No. 33) under Federal Rule of Civil Procedure 4(m) for untimely service. Plaintiff Randy Stout opposes the motion, contending that good cause exists to allow service outside of the 120-day period. After reviewing the submitted material and relevant authority and hearing from counsel, the Court is fully informed. For the reasons given below, the Court denies Defendant Beaudry's motion.

**A.    Background**

On September 17, 2010, Plaintiff filed this lawsuit asserting in part employment-related claims against Ms. Beaudry. (ECF No. 1.) He

ORDER * 1

then filed an amended complaint ("Complaint") on September 27, 2010. (ECF No. 3.)

Also in September 2010, Plaintiff retained Legal Couriers, Inc. to serve the named Defendants. On October 20, 2010, Legal Couriers served Angela Beaudry; however, later that same day, Plaintiff's counsel received a telephone call from Ms. Beaudry advising that she was not the named Defendant. Apparently, three different Angela Beaudry's live in the Yakima, Washington area, and it was not until November 8, 2010, that Plaintiff's counsel obtained the home address for the correct Angela Beaudry. This address was provided to Legal Couriers.

Legal Couriers then attempted to serve Ms. Beaudry at this gated[1] residence, including 1) Wednesday, November 20, 2010, at 4:08 p.m.; 2) Saturday, November 13, 2010, at 10:48 a.m.; 3) Thursday, November 18, 2010, at 7:30 p.m.; 4) Tuesday, November 23, 2010, at 3:28 p.m.; 5) Thursday, December 2, 2010, at 1:00 p.m.; Wednesday, February 9, 2011, at 9:27 a.m. and 5:22 p.m.; and Thursday, February 10, 2011, at 7:23 a.m.[2] On February 10, 2011 — 136 days after the Complaint was filed, — Legal Couriers served Ms. Beaudry's husband.

On March 3, 2011, Ms. Beaudry filed the instant dismissal motion.
///

---

[1] It is unclear how often the gate was closed. It is apparent, however, that on February 9 and 10, 2011, the gate was open and the process server was able to go to the front door.

[2] It is unclear how many other service attempts Legal Couriers made.

ORDER * 2

**B.  Standard**

Federal Rule of Civil Procedure 4(m) provides, in pertinent part:

> (m) Time Limit for Service.  If a defendant is not served within 120 days after the complaint if filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (2011).  Following the expiration of the 120-day deadline, Rule 4(m) requires a court to extend the deadline if the plaintiff demonstrates good cause for the delay.  *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).  The plaintiff has the burden of establishing the two non-exclusive good-cause factors: 1) the reasonableness and diligence of plaintiff's efforts to serve, and 2) the lack of prejudice to defendant from the delay.  *Blessinger v. United States,* 174 F.R.D. 29, 31 (E.D.N.Y. 1997); *see also* 1-4 *Moore's Federal Practice - Civil* § 4.82 (2007).

**C.  Authority and Analysis**

Given the existence of three Angela Beaudrys in the Yakima area and the number of service attempts made on the correct Ms. Beaudry's residential address, the Court finds good cause to allow a sixteen-day extension of the 120-day service deadline.  *See Mann v. Am. Airlines*, 324 F.3d 1088 (9th Cir. 2003) (recognizing that Rule 4(m) allows a district court to extend the time to serve the complaint after the 120-day period if good cause is shown).  Plaintiff was advised by Yakima Regional that service attempts at Ms. Beaudry's place of employment would not be allowed.  Accordingly, Plaintiff was limited in where it could attempt to serve Ms. Beaudry.  Ms. Beaudry, who presumably had notice of the

ORDER * 3

lawsuit filed against her, her employer, and her co-workers, will not be prejudiced by the sixteen-day service extension because the statute of limitations has not yet run, and therefore, even if this lawsuit was dismissed for untimely service, Plaintiff could re-file her complaint against Ms. Beaudry. *See Briggs v. YMCA of Snohomish Cnty.*, --- F.3d ----, 2009 WL 1360474, 3 (W.D. Wash. May 14, 2009) (finding that dismissal would be inefficient because the plaintiff would simply re-file the complaint given that the statute of limitations had not yet run).  Under the circumstances, the Court finds good cause to allow a sixteen-day extension of the service deadline.[3]

**D.  Conclusion**

For the reasons given above, **IT IS HEREBY ORDERED:** Defendant Beaudry's Motion to Dismiss **(ECF No. 33)** is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and provide a copy to counsel.

**DATED** this ____27th____ day of April 2011.


                        S/ Edward F. Shea
                         EDWARD F. SHEA
                    United States District Judge


Q:\Civil\2010\3080.dismiss.service.wpd

---

[3] If faced with a similar situation, Plaintiff's counsel may be best served by seeking an extension before the service deadline expires.

ORDER * 4