1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7  RANDY P. STOUT, a married person
   in his separate estate,                    NO:  10-CV-3080-TOR
8
                        Plaintiff,            ORDER DENYING PLAINTIFF'S
9                                             MOTION FOR RECONSIDERATION
           v.
10
   YAKIMA HMA, INC., a Washington
11 corporation; individually and doing
   business as YAKIMA REGIONAL
12 MEDICAL AND CARDIAC
   CENTER; ANGELA BEAUDRY, and
13 JOHN DOE BEAUDRY, husband and
   wife; and CORRINE MURPHY-
14 HINES and JOHN DOE HINES,
   husband and wife,
15
                        Defendants.
16

17         BEFORE THE COURT is Plaintiff's Motion for Reconsideration (ECF No.

18 163).  This matter was set for hearing with oral argument on Sunday, April 28,

19 2013.  ECF No. 164.  The Court has reviewed motion and relevant documents and

20 is fully informed.


   ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

BACKGROUND

On September 17, 2010, Plaintiff filed his Complaint alleging claims of ERISA violations, age discrimination in violation of the Washington Law against Discrimination ("WLAD"), outrage, and defamation.  Defendants successfully moved to dismiss the ERISA claim.  ECF No. 41.  Subsequently, Stout gave notice that only the age discrimination claim would be adjudicated at trial, abandoning his claims of outrage and defamation.  ECF No. 79.  By Order dated February 14, 2013, the Court granted Defendants' motion for summary judgment and denied Plaintiffs' motion for partial summary judgment.

DISCUSSION

Whether to grant a motion for reconsideration is within the sound discretion of the court.  *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).  "Reconsideration is indicated in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice."  *Id*.  Plaintiff argues that the Court (1) failed to follow controlling Washington case law; (2) erred in denying Plaintiff's motion for summary judgment on his prima facie case; and (3) erred in granting Defendants' motion for summary judgment on pretext.

As an initial matter, the Court notes that Plaintiff failed to properly file the instant motion in accordance with instructions set out in the Court's Scheduling

1    Order.  *See* ECF No. 60.  The Court's Order on the summary judgment motions

2    was filed on February 14, 2013.  However, Plaintiff's motion for reconsideration

3    was filed on February 26, 2013, several days past the ten (10) day deadline

4    outlined in the Scheduling Order.  In addition to this untimely filing, Plaintiff noted

5    the motion *with* oral argument, which is expressly prohibited by the Scheduling

6    Order.  Despite Plaintiff's failure to comply with the instructions in the Scheduling

7    Order, and the general disfavor for motions to reconsider, the Court will briefly

8    address each of Plaintiff's challenges.

9        First, Plaintiff claims the Court violated 28 U.S.C. § 1652 by allegedly not

10   following the latest decision of the Washington Supreme Court on the fourth

11   element of the prima facie case.[1]  According to Plaintiff, *Hill v. BCTI Income*

12   *Fund-I* is the latest decision of the Washington Supreme Court decided in 2001,

13   while the Court mistakenly "followed" a 1988 Washington Supreme Court case,

14   *Grimwood v. University of Puget Sound.  See Hill v. BCTI Income Fund-I*, 144

---

15   [1] Plaintiff states that *Hill* is the latest decision of the Washington Supreme Court on

16   the "fourth element of the burden shifting analysis."  ECF No. 163 at 3.  The Court

17   presumes this is an inadvertent misstatement on the part of Plaintiff, as there is no

18   fourth "element" in the *McDonnell Douglas* burden shifting analysis.  Thus, the

19   Court proceeds with its response under the assumption that Plaintiff intended to

20   reference the fourth element of their prima facie case.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 3

Wash.2d 172, 188 (2001), *overruled on unrelated grounds by McClarty v. Totem Elec.*, 157 Wash.2d 214 (2006)(employing fourth element of prima facie case "was replaced by significantly younger persons" and noting defendant's concession that plaintiff established a prima facie case of age discrimination);  *Grimwood v. Univ. of Puget Sound*, 110 Wash.2d 355, 363 (1988)(plaintiff must present evidence that defendant "sought a replacement with qualifications similar to his own, thus demonstrating a continued need for the same services and skills.").

The Court is compelled to note that Plaintiff's request for summary judgment on the prima facie portion of the burden shifting analysis is highly irregular.  Rather than simply demonstrating a genuine issue of fact in opposition to Defendants' motion for summary judgment, Plaintiff asked the Court to find as a matter of law that he established all of the elements of his prima facie case.  The Court declined to do so for detailed reasons outlined in its Order, and Plaintiff offers no new evidence, intervening changes in law, or necessity to prevent manifest injustice, that persuade the Court to reconsider its findings.  *See Navajo Nation*, 331 F.3d at 1046.

The court in *Hill* offered no analysis of the fourth element of the prima facie case because defendant conceded that it was successfully established.  *See Hill*, 144 Wash.2d at 188.  For this and other reasons indicated in its Order, the Court therefore declined "to find as a matter of law that in WLAD cases, as opposed to

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 4

1   ADEA cases, a plaintiff is only required to prove that he or she was replaced by a

2   significantly younger employee." ECF No. 161 at 13. Furthermore, the Court

3   found additional triable issues of fact remained on the fourth element of the prima

4   facie case, as to whether Plaintiff was "replaced." *Id*. at 14-15. Thus, even

5   assuming *arguendo* that the Court was mistaken in finding genuine issues of fact

6   exist as to whether Plaintiff's replacement was "significantly younger," material

7   issues of fact still preclude granting summary judgment to Plaintiff on the fourth

8   element of his prima facie case.

9       For these same reasons, in addition to those outlined in its Order, the Court

10  remains unpersuaded by Plaintiff's interrelated second argument. The Court did

11  not err in declining to rule as a matter of law that Plaintiff was replaced by a

12  substantially younger person based solely on the fact that Plaintiff's "replacement"

13  was nineteen years younger.

14      Last, Plaintiff argues the Court erred in granting Defendant's motion for

15  summary judgment on the issue of pretext. According to Plaintiff, Defendants

16  "waived" the same actor inference by "failing to plead it." ECF No. 163 at 4.

17  However, "a defense which demonstrates that plaintiff has not met its burden of

18  proof as to an element plaintiff is required to prove is not an affirmative defense."

19  *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Here,

20  Defendants offer evidence of the same actor inference to show that plaintiff cannot

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 5

establish the pretext component of the *McDonnell Douglas* burden shifting analysis on a motion for summary judgment.  This is not an affirmative defense and therefore is not waived.  Plaintiff also insist that the Court should reconsider granting Defendants' motion for summary judgment on the issue of pretext based on (1) the strength of his prima facie case, and (2) evidence of similarly situated employees treated more favorably that Plaintiff.  However, these exact arguments and supporting case law were exhaustively considered by the Court in its previous ruling.  Plaintiff offers no new evidence, intervening change in the law, or necessity to prevent manifest injustice, that would compel the Court to reconsider its previous ruling on the issue of pretext.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Reconsideration, ECF No. 163, is **DENIED**.

2. The hearing on Plaintiff's Motion for Reconsideration scheduled for April 28, 2013, is **STRICKEN**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** February 28, 2013.



THOMAS O. RICE
United States District Judge